## ROTHENBERG v. HERMAN.

(Supreme Court, Appellate Term.  November 10, 1904.)

1. DOCUMENTARY EVIDENCE—BOOKS OF ACCOUNT—AUTHENTICATION.

A proper foundation is not laid for the admission in evidence of items in a bill of particulars copied from a book, subsequently destroyed, containing entries as to deliveries of bread, where the witness himself testifies that a part of such deliveries were made by his workman, and such workman is not called as a witness.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Nathan Rothenberg against Israel Herman. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Stanislaus N. Tuckman, for appellant.

David W. Rockmore, for respondent.

BISCHOFF, J. The plaintiff sued for the value of certain bread sold to the defendant and delivered from time to time, the deliveries having been made, according to the plaintiff's testimony, in some instances by him, and in other instances by his workman.

For the purpose of proving the deliveries, the plaintiff testified that he kept a book in which the fact of the delivery was entered each day; that this book had been burned, together with some other property, in a fire which occurred upon his premises; and that the items contained in the book, so far as material to this controversy, were copied therefrom, prior to its destruction, for the purposes of his bill of particulars in this action. Upon this testimony he was permitted to read the items of his bill of particulars as proof of the delivery of the bread sued for. Objection was taken to the admission of the evidence, on the ground that the proper foundation had not been laid. Since the deliveries were not made by the plaintiff personally to their entire extent, the items taken from this book, which book was in turn based upon reports made by his workman, were simply hearsay evidence to some indeterminable extent, and it was obviously improper to submit this evidence to the jury. At the time when the objection was taken, it appeared from the plaintiff's own testimony that the deliveries were not made wholly by himself, but were made in part by his workman, and the latter was not then called as a witness, nor at any time during the trial; hence there was no support for the

reading of these items in evidence, and we cannot assume that no prejudice resulted.

The judgment must therefore be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.